UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT LEE DRAIN a/k/a DARIOUS DANYEL WHITE,<br>                        Plaintiff,<br>v.<br><br>BRIAN DUNN,<br>                        Defendants.<br>_____/ | Case No. 22-12366<br><br>Terrence G. Berg<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION: RULE 41(b) DISMISSAL

### I.    PROCEDURAL HISTORY

Plaintiff Robert Lee Drain filed this case without the assistance of counsel on October 5, 2022. (ECF No. 1). This matter was referred to the undersigned to conduct all pretrial proceedings. (ECF No. 9).

Defendant filed a motion for summary judgment on December 8, 2023. (ECF No. 25). Plaintiff was ordered to respond to the motion for summary judgment by January 25, 2024. (ECF No. 26). Plaintiff did not respond.

On February 8, 2024, this Court Ordered Plaintiff to show cause why the motion for summary judgment should not be granted and/or the case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) for failure to respond to the motion for summary judgment. (ECF No. 28). The response was due

February 29, 2024.  (*Id.*).  The Court warned that "**Failure to timely respond to this Order to Show Cause will result in such a recommendation**."  (*Id.*).

To date, Plaintiff has not filed a response brief nor responded to the Court's Order to Show Cause.

## II.     ANALYSIS AND CONCLUSIONS

Pursuant to Fed. R. Civ. P.  41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failure to comply with procedural requirements."  *Tetro v. Elliot Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1991) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).  Further, a "district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, on balance, these factors weigh in favor of dismissal. As for the first factor, "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). In any event, "defendants cannot be expected to defend an action" that Plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* For these reasons, the first and second factors weigh in favor of dismissal.

Based on the warnings given to Plaintiff, the third factor also weighs in favor of dismissal. This Court has regularly dismissed cases under Rule 41(b) after a Plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL

3

3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *Williams v. Cty of Saginaw*, 2019 WL 5957234 (E.D. Mich. Oct. 21, 2019), *report and recommendation adopted*, 2019 WL 5896603 (E.D. Mich. Nov. 12, 2019). Despite the Court's warning that the dipositive motion would be granted, and that his action may be dismissed, Plaintiff failed to respond to the motion for summary judgment. In an Order regarding the requirement to file a response, the Court explicitly warned that the case could be dismissed. Despite this clear warning, Plaintiff has provided no good reason why the undersigned should not recommend the complaint be dismissed. *See Labreck*, at *2.

Finally, given Plaintiff's failure to respond to the Court's Order to Show Cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Indeed, a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *White*, 2008 WL

4

2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984); *see also Labreck*, 2013 WL 511031, at *2.

For these reasons, the undersigned concludes Plaintiff has effectively abandoned his case by failing to respond to the motion for summary judgment and failure to respond to the Court's Order.  Under these circumstances, dismissal with prejudice is appropriate.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Fed. R. Civ. P.  41(b) and the pending motion be terminated as **MOOT**.

The parties here may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must precisely recite the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 13, 2024                s/Curtis Ivy, Jr.
                                    Curtis Ivy, Jr.
                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 13, 2024.

                                    s/Sara Krause
                                    Case Manager
                                    (810) 341-7850